NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER HALLORAN, | No. 14-16126 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-02443-SRB |
| v. | |
| PATTY SELLS, Nurse Practitioner at Saguaro Correctional Facility, sued in her individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted September 27, 2016**

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Peter Halloran, a Hawaii state prisoner housed in Arizona, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his health and safety.  We have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Halloran failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his seizure and equilibrium disorders, or to his safety. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health or safety; neither a difference of opinion concerning the course of treatment nor mere negligence in diagnosing or treating a medical condition amounts to deliberate indifference).

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Halloran's contention that the district court erred by failing to advise him of any alleged right to counsel.

**AFFIRMED.**

2                                                    14-16126